IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

PATRICIA M. SHERROD, :
:
    Claimant, :
:
v. : CASE NO. 4:09-CV-52 (CDL)
: Social Security Appeal
MICHAEL ASTRUE, :
Commissioner of Social Security, :
:
    Respondent. :

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability and disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court's role in reviewing claims brought under the Social Security Act

is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

2

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. 20 C.F.R. § 404.1520, app. 1, pt. 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.** **Whether the ALJ erred in determining that Claimant performed substantial gainful activity.**

**II.** **Whether the ALJ erred in failing to obtain a knowing and intelligent waiver of counsel and improperly developed the record for a pro se Claimant.**

**III.** **Whether the ALJ erred in failing to properly evaluate Claimant's credibility.**

3

## Administrative Proceedings

Claimant filed an application for disability benefits February 4, 2008. (T-75). Claimant initially alleged a disability onset date of June 26, 2006. (R-10). Upon the denial of her application and after reconsideration, Plaintiff timely filed a request for a hearing, and on October 2, 2008, a video hearing was held. During the hearing, Claimant amended her onset date to September 26, 2007, to reflect the last time she was able to work full time. (R-10, p. 2). On December 18, 2008, the ALJ entered an unfavorable ruling (T-11-16), and the Appeals Council subsequently denied Claimant's request for review (T-3). This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant met the insured status requirements of the Social Security Act through December 31, 2012, but that Claimant had engaged in substantial gainful activity since June 26, 2006, her original onset date and that there had been no continuous 12-month period which the Claimant had not engaged in substantial gainful activity. (T-11). The ALJ also concluded that Claimant had severe, medically determinable impairments of fibromyalgia, status post breast cancer, anemia, degenerative disc disease of the right knee, migraines, edema in the lower extremities, and an adjustment disorder, but that these impairments—or any combination of her impairments—did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T-12). The ALJ next found that Claimant had the residual functional capacity to perform the full range of

sedentary work as defined in 20 C.F.R. §§ 404.1567(a). (T-13). Although the ALJ determined that Claimant could not perform her past relevant work as an Army supply clerk, the ALJ utilized the Medical-Vocational Guidelines, Rule 201.21, to determine that Claimant could perform other work which exists in significant numbers in the national economy. (T-15-16). Accordingly, the ALJ concluded that Claimant had not been under a disability, as defined in the Social Security Act, from her alleged onset date through the date of the decision. *Id.*

## DISCUSSION

**I.  Did the ALJ err in determining that Claimant performed substantial gainful activity?**

In Claimant's first enumeration of error, she contends that the ALJ improperly determined that she had engaged in substantial gainful activity since September of 2007, her amended onset date. (R-10, p. 12). The Regulations state that substantial gainful work activity (SGA) is work activity that involves doing significant physical or mental activities and is the kind of work that is usually done for pay or profit. *See* 20 C.F.R. § 404.1472. Claimant argues that her March 2006 assignment to the Wounded Warrior Battalion in the Army "does not involve significant physical or mental activities, and her participation in minor formation drills is not usually done for pay or profit." (R-10, p. 13).

It should be noted at the outset that although the ALJ acknowledged at the hearing that Claimant was amending her onset date to September 26, 2007, he failed to adhere to that date in his findings, instead using her original onset date of June 22, 2006, to determine

that she had engaged in substantial gainful activity. (T-11, 21). In his findings at step one of the sequential analysis, the ALJ noted that Claimant earned $30,319.20 in 2006, and $31,417.20 in 2007. (T. 11). The ALJ also noted that Claimant acknowledged at the hearing that she continued to receive full pay even while on medical hold since she was transferred to the Warrior Transition Battalion and that although she "[did] not do any type of work at all", she did continue to participate in military formations and go to medical appointments. (T-23; R-10, p. 3). Treatment notes indicate that Claimant missed a medical appointment on March 17, 2007, "due to duty last night" (T-429), that her neck was hurting her on May 30, 2007, after "a long duty sitting at desk this weekend" (T-529), and that she reported in December 2007, that one of her medications was interfering with her work duties (T-661). Those notes would indicate that Claimant was performing some type of work. Whether it was substantial gainful activity within the meaning of the Regulations, however, was not established.

As such, it appears that the ALJ erred in determining that Claimant had been engaging in substantial gainful activity . The record reveals, however, that the ALJ did not stop his analysis at step one after determining that there had been no continuous 12-month period during which Claimant had not engaged in substantial gainful activity. (T-11, 12). As the ALJ specifically stated in his findings, "even when the issue of substantial gainful activity is not considered, the undersigned ALJ finds the Claimant does not have a physical or mental impairment of such severity that she is disabled from working." *Id.* at 12. Therefore, the court will continue its review of this case to ascertain whether the ALJ's ultimate determination that Claimant is not disabled is supported by substantial evidence.

6

## II. Did the ALJ err in failing to obtain a knowing and intelligent waiver of counsel and improperly develop the record for a pro se Claimant?

Claimant's next enumeration of error argues that the ALJ failed to obtain a proper waiver of her right to counsel and that the ALJ further failed to properly develop the record where she was a pro se Claimant. "A Social Security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ." *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); *citing Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982). Whether or not the plaintiff is represented, the ALJ has a duty to develop a full and fair record. *Brown*, 44 F.3d at 934. If there has been a waiver of right to counsel at the administrative hearing before the ALJ, the claimant must show clear prejudice or unfairness caused by the lack of counsel in order to prove he was denied a full and fair hearing. *Kelley v. Heckle*, 761 F.2d 1538 (11th Cir. 1985). If a claimant's right to counsel at the administrative hearing has not been waived, the hearing examiner's obligation to develop a full and fair record rises to a special duty. This special duty requires, essentially, a record which shows that the claimant was not prejudiced by lack of counsel. In carrying out this duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Brown,* 44 F.3d at 934, *quoting Smith*, 677 F.2d at 829. A showing of prejudice must be made before it will be determined that the Claimant's rights of due process were violated to such a degree that the case should be remanded to the commissioner for reconsideration and further development of the record. *Brown*, 44 F.3d at 935. This requires a showing that the ALJ did not have all of the relevant evidence before

him in the record or that the ALJ did not consider all of the evidence in the record in reaching his decision. *Kelley*, 761 F.2d at 1540.

In *Smith v. Schweiker*, an Eleventh Circuit Court of Appeals decision, held that it is not enough to notify a Claimant of her right to counsel, but must also "inform the claimant fully as to the possibility of free counsel and limitations on attorney fees to 25% of any eventual award." *Smith v. Schweiker,* 677 F.2d 826 (11th Cir. 1982); *citing Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981). The Court further stated that "[s]ince there is no indication that he was ever informed fully of his rights, we cannot presume that (claimant's) comment was the expression of his desire to represent himself, or that such a desire was the reason for his appearing pro se." *Id.*

Claimant contends that she was not properly advised of her right to counsel by the ALJ at her hearing. (R-10, p. 15). She argues that the ALJ did not confirm her review of the paperwork regarding obtaining a representative, nor did he even ask if she desired to proceed without a representative. *Id.* Instead, she argues, he merely "downplayed the significance of having a representative, and immediately proceeded to question [her] . . ." *Id.* As stated *supra*, however, it is not enough that the ALJ failed to properly advise a claimant of her right to counsel. A claimant must also establish that her due process rights were violated by showing that she was prejudiced by her lack of counsel. *Kelley v. Heckle*, 761 F.2d 1538 (11th Cir. 1985).

Here, the Claimant argues that the ALJ's failure to obtain updated medical records from Martin Army Hospital, Rivertown Rheumatology, and the Nexus Pain Center after the

Claimant acknowledged their existence resulted in clear prejudice. (R-10, p. 16). Pursuant to the Regulations, the burden is on the claimant to show that she is disabled and, therefore, she is responsible for producing evidence to support her application. 20 C.F.R. § 416.912(a); 20 C.F.R. § 416.912(c); *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003). The Regulations, at 20 C.F.R. § 416.912(d), further state, however, that the Commissioner will "develop [the claimant's] complete medical history for at least the 12 months preceding the month in which [the claimant] file[s][the] application." It is obvious by the testimony in the hearing that the Claimant was not fully aware of the administrative procedures as to what was required of her, and that she was not made fully aware of her rights concerning counsel. A reading of the ALJ's findings in this case mention nothing of the Claimant's records from examining physician Dr. Hagler, which was available to the ALJ, and reveal no mention of attempting to obtain the most recent medical records from Martin Army Hospital, the Nexus Pain Center, or Rivertown Rheumatology.

Finding that the Claimant was not properly advised of her right to counsel, the Claimant is not found to have knowingly waived that right. As such, the ALJ's duty to develop a full and fair record became a special duty, requiring that the record to show that the Claimant was not prejudiced by the lack of waiver, thus requiring the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Brown,* 44 F.3d at 934, *quoting Smith*, 677 F.2d at 829. The *Brown* Court further held that:

> In evaluating the necessity for a remand, we are guided by

> "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" The lack of medical and vocational documentation supporting an applicant's allegations of disability is undoubtedly prejudicial to a claim for benefits. We have no way of knowing whether the evidence missing from this case would sustain (Claimant's) contentions of her inability to work. In the absence of proof to the contrary, however, we must assume that it does lend credence to her allegations.

*Brown*, at 935, 936. After a thorough review of the record, it appears that the Claimant was prejudiced by the ALJ's failure to request relevant and timely medical records regarding the Claimant's impairments. Thus, there exists reason to remand this case to an ALJ for further review as to this issue.

### III. Did the ALJ err in failing to properly evaluate Claimant's credibility?

Because remand of this case is recommended, the court does not have to consider whether the ALJ also erred in failing to properly consider Claimant's subjective complaints in accordance with the Eleventh Circuit case of *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam), and Social Security Regulation 96-7p. On remand, however, the ALJ should revisit his discussion of Claimant's pain and other symptoms and more clearly articulate his application of the factors found in SSR 96-7p to the subjective complaints made by Claimant.

### **CONCLUSION**

It is recommended upon remand that the ALJ revisit his prior determinations regarding whether Claimant was performing substantial gainful activity, as well as her waiver of the right to counsel, and the credibility determinations made of Claimant's subjective allegations

of pain.

      **WHEREFORE**, it is the recommendation to the United States District Judge that this case be **REMANDED** pursuant to sentence six. Pursuant to 28 U.S.C. § 636(b)(1), the Commissioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

      THIS, the 13th day of May, 2010.

                                      S/G. MALLON FAIRCLOTH
                                      UNITED STATES MAGISTRATE JUDGE

eSw